Good morning, Your Honors. Jason Carr, appearing on behalf of Mr. Alford, Petitioner and Appellant. This case is actually a quite interesting case, almost even fascinating. And you may say, well, this is a sufficiency case, and you're going up against a sufficiency standard, a Jackson v. Virginia standard, and AEDPA, and that's usually not a good position to be in. And I would concede that in 99 out of 100 cases that's true. But there are the interesting cases that come along where there's a quirk in both the law and the facts that makes sufficiency a viable argument. And I would submit that this is one of those cases. Because what we had at the core of this case is an issue of what is the mental state that is attended to assault and battery as it connects into burglary. And it's an important question because the defense in here, and you can see in the motion, he filed a motion for a new trial, and he argued to the court that his entire defense, his presentation to the jury was focused on this idea that the fight started on the porch. And the prosecutor in this case conceded and told the jury that if the fight started on the porch, if you believe, because my client had testified at trial and a bunch of witnesses testified in support of him, if you believe the defense theory, jury, the prosecutor said, even if you believe it, Alford is still guilty of first-degree murder. And just to take focus here, this case is about first-degree versus second-degree murder. Sotomayor, if I can ask you a question. It seems like the biggest hurdle I think that you have here is the Nevada burglary statute, which allows burglary to be committed with the intent to commit a battery. And I know that some States, it's a burglary can only be committed with the intent to commit a felony therein. But here, it seems like Nevada has a statute that allows for felony murder when the burglary is committed, and the burglary here was committed with the intent to commit a battery. Now, I understand that was the subject of much factual dispute, but the jury got to decide who they wanted to believe and who they didn't want to believe. And it seems like, depending on who they believed, there would have been sufficient facts. In the normal – I'm sorry. So I guess I'm trying to understand what you think the problem is. It's an excellent question because it cuts right to the heart of the case. Did the jury have to make that determination? And what we know in the Nevada Supreme Court, if you look at the opinion on pages 33, 34 of the excerpt from the record, what they say is while Alford did present this theory of the case that the fight started on Castro's porch and then moved inside during mutual comment, the jury determined that the State's evidence was more credible. Wrong. The jury never made that determination. That is where the Nevada Supreme Court's opinion is contrary to the Nevada Supreme Court. I'm sorry. The jury never made what determination? It never made the determination that the fight started on the porch or started inside the house, which is a critical determination in this case. Why is that a critical determination? I'm sorry? Why is that a critical determination? As I understand Nevada law, it's burglary if he enters with intent to commit battery. Even if he had battered before going in, if he goes in with intent to commit battery more or again, why is that not burglary under Nevada law? It's a fascinating legal question because there's two ways of looking at the intent for assault. Well, but the jury just had to determine if a burglary was committed. Yeah, but they asked the specific question. Yeah. They specifically asked the legal question if, which was the defense's entire presentation, their defense, that if the fight started on the porch and then moved inside the house, is that burglary? Right. And that critical question here is what is the answer to that question? Well, the answer is most likely, in my opinion, no.  mental state analysis because it could be if the fight started on the porch, Castro had the intent to batter on the porch and then the crime, there's a temporal concurrence act, mental state, the crime is over. Or it could be that the mental state for assault and battery is a continuing mental state that every time you punch, punch, there's a mental state that goes along with it and the mental state carries when they go over the threshold. But we don't have to decide that because the Nevada Supreme Court bought the theory that if the fight started on the porch, then that would be a defense to discharge. Help me remember. Did you object to the instructions? Yes, I did. Oh, yes. If you look at the excerpt of the record, not me, the trial counsel in the State Court, if you look at beginning on the excerpt of the record, 1186 for about the next 40 pages, the defense attorney puts forth this exact argument. Right. This is exactly why he asked for a new trial, because the court never answered the jury's question. And the jury's question was critical. It went right to the heart of the defense. And with the Nevada Supreme Court, and they briefed this exactly on appeal. The State says, oh, the jury instruction isn't relevant. It's extremely relevant. And that's the way it was briefed to the Nevada Supreme Court, that the reason why the evidence here is insufficient is because there is this legal determination that had to be made that the jury specifically asked about. If the fight started on the porch, is it still a burglary? And the court never answered it. And, in fact, the court, if you look at the court's musings about this question, the trial court was really concerned about this, because the court said if we just refer them to the instruction, it never answers the question. But in the end, the court made a determination that somehow it would be a directed verdict if they answered the legal hypothetical. The Nevada Supreme Court never dealt with this situation. In fact, they said that the jury, that the Jackson v. Virginia deference applies here, that Edpa deference, so Edpa deference would apply in Federal court, because the jury made that decision, but they did not. The jury wanted to know the answer to the question. The court did not answer the question. And it is not fair to say under this record that the jury made that determination. And it's, as I will say it again, it's critical, because that was what the trial was all about. And as I said, we don't need to determine the fascinating mental state here, because the Nevada Supreme Court's opinion supposes that that defense is valid. So we have a situation. And the overwhelming evidence, maybe overwhelming is overstated, but the majority of the evidence was, in fact, that Alford was hit on the porch by holding a baby carrier in his hand by Castro. Now, under the government says, well, there's some slight evidence that it may have occurred on the threshold or in the house. That's fine, and that normally would carry the day if the jury had made that determination. That's what makes the jury no critical here, is because we know that the jury was Do you have a Nevada law that says if I hit somebody on the porch and then I come into the house and hit him again once I'm in the house, that coming into the house and hitting him is not bruglary? It's an undetermined question under Nevada law. That's why I focus on the Nevada Supreme Court's opinion here, where the very opinion in this case validates Castro's theory. I mean, I'm sorry, Alford's theory. So Castro being the victim. Yes, sure, sure. So I see you have two minutes. I have a question, though. In the briefing it says Alford did not specifically enter the residence to commit a felony. At worst, it was to commit the misdemeanor of battery. But then if you look at the burglary statute, it says burglary includes intent to commit assault or battery. So it seemed to me that that admission in the brief that he might have gone in there to commit assault, when you square that with the Nevada burglary statute and then go back into the felony murder, it answers the question. And it's at odds with what you're arguing now. Well, I'm sorry. It wasn't meant to be concession at all. I mean, the entire thrust of the defense here was that it is – it would not be – and we're talking about the difference between first and second-degree murder here. I mean, it's clear that he would – I would concede, and I rarely concede anything, that there would be sufficient evidence of second-degree murder under the Nevada theory of second-degree murder if someone dies while you're battering them with a deadly weapon, which is – Alford's own statement was I was hitting him on the head and the gun went off and he died. So this is about first-degree versus second-degree. I mean, that statement certainly doesn't square with the statutory construction. That was my point. But I won't take it as a – Well, but if you – I'm sorry. Well, as I read it. I'm not saying it's an admission. I'm just saying it's a statement in the brief. Thank you, if you want to reserve your time. I do. Thank you. Good morning, Your Honors. Amanda Sage with the Nevada Attorney General's Office on behalf of the Respondent appellees in this matter. This case is not about a quirk in the law or facts. This is a simple sufficiency of the evidence claim. And any discussions on whether or not the jury in this particular case was confused about the instructions or whether they were properly – had their questions answered is irrelevant under Jackson, because the standard under Jackson is not whether this jury was confused or what they thought the law was. It's whether any rational juror could have found murder in the first degree under the facts presented to the jury in this case when viewing those facts in the light most favorable to the State. So, again, questions about how does Nevada treat burglary or what the jury asked in this case and how it was answered are really irrelevant to that objective standard here. And as we've already discussed under AEDPA, that's a very deferential standard to the Nevada Supreme Court's decision. We have to – Jackson itself is deferential to the jury verdict. We assume that they viewed the light – the evidence in the light most favorable to the State. We assume that if there are any conflicts in the evidence, which there were here, that the jury resolved those conflicts in favor of the State. But they did ask a question about this. The jury did? They did. But asking the question just shows that at 4.40 p.m., they were saying, well, if this is true, then that's what the jury concluded. That just means at that point in time, that's the discussion they were having. They could have asked that question and then still concluded, based on this evidence, that the fight started indoors, and that would have been a reasonable conclusion. You have three State witnesses that talked about Mr. Castro, the victim here, essentially tricking the defendant and his brother to go outside to try and avoid a fight, shutting them outside. And then when he opens the door again later to allow Ms. Simcoe to leave with her brother, he pushed his way in, spit on Mr. Castro, which itself is a misdemeanor battery, and then entered the home and immediately started fighting. And I think under those facts he could have done that. And you just gave a narrative, pushed his way in, spit, and then entered. Now, I believe it said he opened the door, spit, and then came in. Yeah. Yeah. So opened the door, spit, came in, and then the fight immediately started. Evidence is that evidence was shown that the first punch was thrown by Mr. Castro. So this isn't even a situation where they came in, there was further discussions, came in, and it was an immediate fight started by Mr. Castro throwing the first punch. That alone is sufficient to show that he entered with intent to batter Mr. Castro in the home. That constitutes burglary under Nevada law, which is then sufficient to establish to satisfy the felony murder statute. So it doesn't have to be a felony battery. Simple battery is enough. Simple battery is sufficient. There are some felonies specifically outlined in the burglary statute, but as far as battery goes, it's just left at general battery. So felony or misdemeanor is sufficient to satisfy. The other interesting thing about this case is that the COA grant was on whether there was sufficient evidence of the felony murder question. This was charged as a general, general murder with two alternate theories. So you had felony murder, you had premeditated murder. The question that's not before the Court is whether there was sufficient evidence on the premeditated murder. And when we have those two alternate theories under a general verdict, even if we found there wasn't sufficient evidence for felony murder, the verdict still stands because we have this alternate theory, and under Griffin, the Supreme Court has said we must assume that the jury reached their verdict based on the theory that was supported by the evidence in this case. I'd just like to briefly touch on the Nevada Supreme Court's decision just to show that it was objectively reasonable here. When you look at the Nevada Supreme Court's decision, they do address the Jackson standards. They do identify the correct standard. They recognize that conflicts in the evidence must be resolved in favor of the State, and then they go on to acknowledge that under Nevada laws, question of Nevada law, burglary is sufficient to support the felony murder conviction. They then do a brief recitation of the facts that they believe support that before concluding that there was sufficient evidence here. I believe that that was an objectively reasonable application of Jackson to the facts in this matter, and I would ask that you affirm if there's no further questions from the Court. Thank you. Thank you. The prosecutor specifically argued to the jury in its reply, in particular, the rebuttal, focused on this theory that even if the fights are on the porch, he's still guilty of first-degree burglary. The prosecutor argued that to the jury, relied heavily on that theory, relied almost exclusively on the felony murder theory because the evidence of deliberation, particularly here, is very scant, almost nonexistent. What the Nevada Supreme Court says is the reason why they denied his appeal is because the jury determined that the State's evidence was more credible that the fight did not start on the porch. But the jury never had to make that determination. In fact, the prosecutor told them they didn't have to make that determination. The jury didn't take the State's word for it and specifically asked the Court, is that true? The Court never answered the question. One final point. The Justice Court in this matter, which knows the law, unlike the jury, listened to the same evidence. And since the Justice Court knew the law, it determined that there's insufficient evidence of burglary here because you can't have a burglary when the fight starts on the porch. Now, if the jury had had that same legal knowledge, we wouldn't be here today. They would have convicted of second-degree murder and not first-degree murder, and that is the crux of this case. Thank you. Thank you. Thank both of you for the arguments this morning. Alford v. Nevin is submitted. We have two cases submitted on the briefs, United States v. Moda and U.S. Bank v. SFR Investments, also Carolina v. Whitaker. The case next for argument will be Reed v. Crone v. IBEW Local.
judges: McKeown, W. Fletcher, Murguia